## HECHT v. SPEARS, Adm'r.

VENDOR's LIEN—*Nature of*—*Not transferrable or assignable.*—It is indispensably necessary to the existence of a vendor's lien that the parties should stand in the relation to each other of *vendor* and *vendee*; it arises out of, and is incident to the purchase, and is founded upon an implied trust between the vendor and purchaser, and the law does not authorize the vendor to transfer this lien with the note taken for the purchase money, even though he expressly professes to do so.

APPEAL FROM RANDOLPH CIRCUIT COURT.

Hon. ELISHA BAXTER, *Circuit Judge.*

*Watkins & Rose,* for Appellant.

It is settled law that a vendor has a lien for the purchase money, though he make the purchaser an absolute deed, reciting the receipt of the purchase money; and this, as against the vendee or a person purchasing with notice that the purchase money is unpaid. *Scott vs. Orbison,* 21 *Ark.,* 202; *Harris vs. Hanks,* 25 *Id.,* 510. Also, that the *mere* assignment of the note, under such circumstances, does not carry with it the vendor's lien. *Shall vs. Biscoe,* 18 *Ark.,* 162; *Simpson vs. Montgomery,* 25 *Id.,* 372.

Whether the parties intended to abandon the lien, by the assignment, is a matter of fact to be gathered from the evidence and the nature of the transaction. *Griggsby vs. Hair,* 25 *Ala.,* 327.

The lien of the vendor is not confined to himself alone. 2 *Sto. Eq. Jur.,* sec. 1227, 1226.

It has been held in many States that the mere assignment of the notes carries the lien with it. *Lagon vs. Badollet,* 1 *Blackf.,* 416; *Roper vs. McCook,* 7 *Ala.,,* 318; *Willis vs. Bryant,* 22 *Md.,* 373; *Wells vs. Morrow,* 38 *Ala.,* 125; *Rakestraw vs. Hamilton,* 14 *Iowa,* 147; *Adams vs. Cowherd,* 30 *Mo.,* 458; *Terry vs. George,* 37 *Miss.,* 539; *Murray vs. Able,* 19 *Texas,* 213; *McAlpin vs. Burnett, Id.,* 497; *Kern vs. Hazlerigg,* 11 *Ind.,* 443; *Moore vs. Raymond,* 15 *Texas,* 554; *Sanders vs. Aldrich,* 25 *Barb.,* 89.

BENNETT, J.—Levi Hecht brought his complaint, in chancery, against the administrator of John Dodd, deceased, and against the widow of Dodd and her husband, she having married after Dodd's death.

The complaint alleges that one Campbell had sold Dodd a tract of land, for which Dodd gave Campbell his note for five hundred dollars, for one-half of the purchase money; Campbell giving a deed for the land. Afterwards, Campbell transferred the note to Hecht, the complainant, by an indorsement in words and figures as follows :

"For value received, I assign and transfer the within note, together with the vendor's lien and my equities to and upon the following lands: South ½ of the southeast ¼ of section 31, township 19 north, range 3 east; and the northwest ¼ of section 6, of township 18 north, of range 3 east, to Levi Hecht.          [Signed]          C. F. CAMPBELL.

Randolph county, April 23, 1870."

The complainant seeks to have a vendor's lien declared and enforced.

Defendants demurred to the complaint—the demurrer was sustained and the plaintiff appealed.

It is settled law that the vendor has a lien for the purchase money, though he make the purchaser an absolute deed, reciting the receipt of the purchase money; and this, against the vendee or a person purchasing with notice that the purchase money is unpaid. *Scott vs. Orbison*, 21 *Ark.*, 202; *Harris vs. Hanks*, 25 *Ark.*, 510.

Also, that the mere assignment of the note, under such circumstances, does not carry with it the vendor's lien. *Shall vs. Biscoe*, 18 *Ark.*, 162; *Simpson vs. Montgomery*, 25 *Ark.*, 372. But the question arises in the case at bar, can the vendor's lien be transferred, by an express assignment, as legal rights may be?

It seems to be settled, that if a debt is secured by an express lien, as where there is a mortgage, or when the vendor has not parted with the legal title, an assignment of the debt

entitled the assignee to the benefit of the pledge. *Graham vs. McCampbell, Mass.,* 52; *Eckridge vs. McClure et al.,* 2 *Yerger,* 84; *Farmer vs. Hicks et al.,* 4 *S & M.,* 294; *Norvell vs Johnson,* 5 *Humph.,* 489.

But a vendor's equity or implied lien is not necessarily governed by the same principle. "The lien of a vendor for the purchase money," says Story, J., in *Gilman vs. Brown et al.,* 1 *Mason* 192, "is not of so high and stringent a nature as that of a judgment creditor, for the latter binds the land according to the course of the common law; whereas, the former is a mere creature of a court of equity, which molds and fashions according to its own purposes. It is, in short, a right which has no existence until it is established by a decree of a court in the particular case, and is then made subservient to all the other equities between the parties, and enforced in its own peculiar manner and upon its own peculiar principles. It is not, therefore, an equitable estate in the land itself, although sometimes that appellation is loosely applied to it."

If then, a vendor's lien "is a right which has no existence until it is established by the decree of a court," how can it be assigned before its existence? That which does not exist cannot be parted with. A vendor's lien is a lien of a peculiar character. It is not like the common law lien of factors, innkeepers and others, associated with and entirely dependent upon actual possession of the property on which it is a tie; it is not like a general judicial lien, which springs into existence in favor of a party who obtains judgment, which enables him to take the lands of the defendants in execution, and continues, as such, until the judgment is satisfied; nor is it altogether like a common mortgage, although it operates and is treated in many respects as a mortgage. It differs from all these in this, that if it exists at all, it must originate with, and be an incident of the purchase itself. This doctrine, in relation to these liens, it is said, has been probably derived from the civil law as to goods. *Mackuth vs. Symmons,* 15 *Ves.*

344; *Walker vs. Priswick*, 2 *Ver.*, 622. And it seems that such a lien, upon goods, is a personal right which cannot be transferred to another. *Danbegny vs. Du Val*, 5, 7 *R.*, 606.

It is indispensably necessary to the existence of such a lien, that the parties should stand in the relation towards each other of *vendor* and *vendee* of *real estate*, the purchase money of which has not been paid. The pure relationship of debtor and creditor, or of borrower and lender, is incompatible with the existence of this species of liens.

In the case of the purchase of real estate, this lien arises as an incident thereto, and can only exist together with it. In the case of a loan, the debt is the principal, and the bond, note or mortgage are only the accidents to it. A purchase may be made or a debt may exist without an equitable lien or a bond, note or mortgage as its incidents. A bond, note or mortgage may, however, be executed, as being, in itself, the creator, evidence and incident of a debt; but a vendor's lien cannot be thus made and executed apart from, and independently of a contract of purchase. It is an incumbrance on land which can only be held by a vendor or his legal representative; and though assets may be marshalled, so as to put a vendor altogether upon his equitable lien, for the benefit of other creditors, yet, no third person can, as assignee of the vendor, derive any benefit from such lien, nor can it, like a bond or mortgage, be assigned, because it is not expressed in writing, or in any separate contract, but exists only as an inseparable equitable incident of the contract of purchase; and, as is seen from the above quotation from Judge Story, is only to be raised by construction of equity, in favor of the vendor only. "This lien would, no doubt, pass, on the death of the vendor, to his representatives, but it is not the subject matter of sale and transfer by contract. *Keith vs. Horner*, 32 *Ill.*, 526. "Such a lien is not assignable, even by express language." *Richard vs. Seammy*, 27 *Ill.*, 431; *Keith et al vs. Horner*, 32 *Ill.*, 526.

A vendor's lien being founded upon an implied trust,

between the vendor and purchaser, we are satisfied that the law does not authorize the vendor to transfer·this lien with the note taken for the purchase money, even though he expressly professes to do so, and we are not inclined to make a law to enable him to so do.

The decree must be affirmed.