HARDIN *v.* HOOKS.

Opinion delivered May 21, 1904.

VENDOR'S LIEN—LOAN.—The mere lending of money to pay for land does not create a lien on the land in favor of the lender.

Appeal from Clay Chancery Court.

EDWARD D. ROBERTSON, Chancellor.

Reversed.

*L. Hunter,* for appellants.

Appellee had no lien, and was not subrogated to the vendor's lien. 44 Ark. 504; 25 Ark. 129. The lien, if it ever existed, had been waived and abandoned, and the giving of the new note could not revive it. 2 Jones, Liens, 1098; 4 Ball. L. Real P. 871; 25 Ark. 515; 55 Ark. 542; 51 Ark. 285; 46 Ark. 270; 33 Ark. 240; Tied. R. P. 293; 3 Pom. Eq. Jur. 1252; 94 Ala. 536; 99 Ala. 616. Appellee was estopped by his silence and conduct. 21 Ark. 202; 29 Ark. 218; 35 Ark. 293, 376; 33 Ark. 465; 37 Ark. 47; 38 Ark. 571; 39 Ark. 131; Eaton, Eq. 61. By assenting to a conveyance of the property upon which a lien exists, the vendor loses his lien. 2 Jones, Liens, 1091.

*F. G. Taylor,* for appellee.

Appellee loaned appellants money to purchase the land which was considered by them as purchase money. 66 Ark. 442. Appellee had one year after nonsuit to renew his case. Sand. & H. Dig. § 4841.

HUGHES, J. Appellee, J. A. Hooks, began an action in the Clay chancery court for the Eastern district on the 25th day of February, 1901, against the appellants O. A. Gatewood and Annie Gatewood, alleging that he at their special instance had purchased for the appellant O. A. Gatewood the following lands lying

in the Eastern district of Clay county: north part of northeast quarter of southwest quarter of section 2, township 19 north, range 7 east, and containing thirty acres; that at the time of the purchase he executed his note to the vendor of said lands for the purchase money; that afterwards the appellee loaned appellant O. A. Gatewood $100 to pay off this same note; that, at the time appellee loaned appellant said sum of money, appellant executed to appellee his note in the sum of $100 due on the ...... day of ............, 189.., on which appellee recovered judgment in justice court on the 23d day of May, 1899, for $115.03 and costs, a copy of said judgment being filed with his complaint as an exhibit thereto. Appellee further alleged that it was expressly agreed between him and appellant, O. A. Gatewood, that the money thus borrowed was to be used in the purchase of said lands, and that it was so used; that there was then due appellee the sum of $115.03, with interest thereon from the 23d day of May, 1899; that he had a lien on said lands for the same, and the said lands were the homestead of appellants O. A. and Annie Gatewood. The prayer was for judgment for $115.03, the amount of said judgment, and for $17.85, costs; that the same be declared a lien on said lands; that the right, title and interest of appellant Annie Gatewood be foreclosed; and for other relief.

Appellant O. A. Gatewood answered denying that appellee purchased said lands for appellant, or was known in the transaction, and claiming that he himself had made the purchase; and that at the time of said purchase he settled the vendor's claim in full, and received from the vendor a warranty deed for said lands, which deed he filed with his answer as an exhibit thereto. He further denied that appellee executed his own note to the vendor for the purchase money for said tract of land; and admitted that he borrowed from the appellee $100, and that he executed his note for the same, but alleged that this note was paid in a settlement between appellee and appellant O. A. Gatewood, in which settlement appellee agreed with appellant and Adolphus Hooks that said Adolphus Hooks might assume appellant's debt, in consideration of defendant canceling a debt for the same amount due from said Adolphus Hooks to appellant's wife; appellee consenting thereto, and releasing appellant from further responsibility on said note; that afterwards, for the purpose of assisting appellee

to collect said note due from Adolphus Hooks, and under the promise that he would not have any part of said debt to pay, he executed his note to appellee for the amount of the original note, and that this note, so executed under said promise, is the note upon which the suit in the justice's court was originally brought. He denied that there was any agreement between appellant and appellee that the money borrowed from appellee was to be used in the purchase of the land in dispute, and denied that appellee has a lien on said land to secure the payment of said money, or any other sum of money. In his answer appellant further stated that he does not now own said tract of land; that he sold the same on the 16th day of February, 1901, to appellant James Hardin who paid for the same, cash in hand, the full consideration of $700; that he executed to the said Hardin his warranty deed, conveying said land to him, which deed was made an exhibit to his answer. He further stated that he did not owe the appellee anything, and that he could not therefore be subrogated to the rights of a vendor's lien on said land.

The appellant, James Hardin, was made a party defendant, and filed a separate answer to appellee's complaint, setting up for his defense that he had purchased said land in good faith from appellant, O. A. Gatewood, on the 16th day of February, 1901, and paid therefor cash in hand $700, the full consideration thereof; that he had no notice of any lien or other incumbrance on said land previous to the purchasing thereof and the delivering of the deed to him; denies that appellee had any vendor's lien on said land; and pleads estoppel, stating that prior to his purchasing of said land he informed the appellee that he was going to buy it, and that appellee encouraged him in doing so, and asked him to withhold the purchase money for a short time, until appellee could garnish him and collect the debt which appellee claimed appellant O. A. Gatewood owed him, but gave him no intimation that he claimed any vendor's lien or other claim against said land.

Decree for appellee, and appeal by appellant.

Appellee acquired no lien by lending to the purchaser of the land the money to pay part of the purchase money. "The mere lending of money to pay for land does not create a lien in favor of the lender." 28 Am. & Eng. Enc. Law (1st Ed.), 169, and

cases cited in note 4. "It is indispensably necessary to the existence of a vendor's lien that the parties should stand in the relation to each other of vendor and vendee ; it arises out of and is incident to the purchase, and is founded upon an implied trust between the vendor and purchaser, and the law does not authorize the vendee to transfer this lien with the note taken for the purchase money, even though he expressly professes to do so." *Hecht* v. *Spears, 27 Ark. 229.*

For the error of decreeing a lien in favor of appellee, the decree is reversed, and the cause remanded, with directions to enter a decree dismissing the plaintiff's complaint for want of equity as to a lien, and affirming as to judgment for $115.03 and $17.85 costs.