### Lunceford et al *v.* Hardin.

#### [86 South. 710. No. 21409.]

VENDOR AND PURCHASER. *Third person advancing purchase money to buyer not entitled to vendor's lien.*

The advancing of the money by a third person to a buyer of land, and the taking of a note for such money, reciting that the money is the purchase money, does not establish a vendor's lien. In order for the vendor's lien to attach to property, the debt must be to the seller or vendor, and must be a part of the purchase price of the property.

APPEAL from chancery court of Calhoun county.

HON. J. G. McCOWAN, Chancellor.

Action by J. A. Hardin, administrator, against M. T. Lunceford and others, to establish a vendor's lien. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

*Mayes & Potter,* for appellant.

The appellee's proposition is that if Hardin was not vendor, then the transaction amounted to an equitable assignment in writing of the purchase money note by Batchelor, the vendor, to Hardin, carrying the security and lien under the statute. There is no sort of privity between Hardin and the vendor. The evidence shows that the vendor dealt with the appellants and had no dealings whatsoever with the appellee, and that the appellants and appellee dealt with each other; that the transaction was a cash transaction in so far as the appellees were concerned, and the vendor and the appellants gave their simple note for the indebtedness with the statement that the note was given for the purchase money of the property in question. And it has been held in this state and in many other states

that the recital in an instrument that it was given for purchase money for certain land does not create a lien where no implied lien existed. We wrote our brief cognizant of the fact that the assignment of the note by the vendor carried with it the vendor's lien since the enactment of the statute to that effect, but no statute has been passed giving a lien to one who advances money to another to purchase land. When one loans one's money to purchase land and he wishes to retain a lien, he must retain an express lien as no statutory or implied lien is created in his favor. There was no assignment of this note for the evidence shows that there was no dealing at all between the vendor and the appellee. The vendor received his money; in so far as he was concerned it was a cash transaction, and in so far as the appellee is concerned he simply loaned his money to the appellants to buy the land in controversy, and the whole question in the case was whether or not the wording of the note created an express lien. We respectfully submit that this proposition was settled years ago in the case of *Skaggs* v. *Nelson*, 25 Miss. 88. In that case the lender of the money loaned to the purchaser, and the deed was given in the name of the purchaser and the promissory notes made to the lender of the money as in this case, but there was an express understanding and agreement, though verbal, that the lender should have a lien for the money advanced to purchase the property, and the court held that it could not give effect to the parol agreement for the lien upon the land for the purchase money, and that in view of the fact that the lender of the money was not the vendor he had no implied lien. Now this case has not been overruled by any subsequent case, but on the other hand has been approved and is now the law of Mississippi.

The case of *Hitt* v. *Applewhite*, 40 So. 161, and cited in our original brief is on all-fours with this case and with the case of *Skaggs* v. *Nelson*, *supra*. We therefore respectfully submit that the authorities are plain that there is no implied lien in favor of the lender of the money, and

that there is no express lien is equally well established, for this precise question was decided by this court in the case of *Pitts* v. *Parker;* 44 Miss. 248. In that case the court said:

"The recital in the body of a note that it was given for land does not create an express lien on the land. It was always competent to prove by parol the consideration of a note. The statement of the consideration on its face has no other virtue than to furnish written evidence of the fact." This case was decided years ago and has not been overruled by any subsequent decision of this court, nor has this rule been changed by any statute.

We respectfully submit that no lien of any kind exists for the payment of this debt.

*Thos. L. Hannon,* for appellee.

Counsel for appellants insist that the court erred in declaring a lien on the land of appellants, and cites cases, which we submit are not in point.

We submit: First. That the defendants in the suit below, appellants here, are estopped by their acts to deny a purchase money lien, or a lien for the purchase money, in favor of appellee on the land as security for the debt.

Second. The deed by Bachelor, et al., to defendants recites that purchase money note given therefor which is identified as the one given to Hardin and later renewed, under which deed appellants claim title, all of which is in evidence, and is conclusive evidence that there was a credit sale of the land to appellants, the debt therefor is evidenced by the note held by Scott Hardin, whether he was vendor or the claim was acquired by him by assignment from Batchelor.

Third. If Hardin was not the vendor, then the transaction amounted to an equitable assignment in writing of the purchase money note by Batchelor, the vendor, to Hardin, carrying the security and lien under the statute. It has been held that any order, writing or act which plain-

ly makes an appropriation of a fund or debt may amount to an equitable assignment, 2 R. C. L., 615, Note 7.

Fourth. An assignment of the note secured by collateral paper carries with it as an incident, the right to enforce a contract as security. *Foundry Company* v. *Ice Company,* 72 Miss. 608, 18 So. 364.

Under a ruling under *Briggs* v. *Hill,* 6 How. 632, where assignee, not joined by original vendor in suit as complainant, it was held that implied equity cannot be enforced or possessed by assignment, but in this case the defendant has waived necessity or joining vendor by acknowledging the lien as assigned and our present statute necessarily varies the rule in the Briggs case.

If renewal should generally change the situation, the original note was in date at the time of suit, and the renewal is identified as balance of same debt. The debt is in suit as extended by renewal note. The lien is a fact evidenced by the original note though extended by new contract, the second note being evidence of its identity.

However the statute, Hemingway's section 2564, Code 1906, section 4001, gives the assignee the right to sue. We submit this statute gives the right to an equitable assignee, as well as to an actual endorsee of a note to enforce the vendor's lien for the purchase money of land as a vendor could. The statute reads the assignee of a claim for the purchase money of land may enforce the vendor's lien as the vendor could.

If it could be argued that the endorsement of the note should be made by the vendor, I answer that the transaction, if Scott Hardin himself was not the vendor, was tantamount to the endorsement of the note by the vendor, Batchelor, who signed the deed referring to this purchase money note, which is identified as that made payable to Scott Hardin. But I submit the proposition that the statute flatly enables any assignee of such a claim to enforce the lien, and that if Scott Hardin was not the vendor he was the assignee of the vendor's lien.

Does a renewal of a note affect a lien? Novation of a debt secured by lien does not discharge a lien, a renewal could not discharge it. *Kausler* v. *Ford,* 47 Miss. 289; *Cansler* v. *Sallis,* et al., 54 Miss. 446.

A sale or assignment of this note and debt to Scott Hardin if it is so construed by the court is not within the statute of frauds. *Klaus* v. *Moore,* 77 Miss. 701, 27 So. 612. Besides, there is sufficient signed memoranda by the parties charged. Section 497, Hemingway's Code in effect April 2, 1916, provides that the assignee of any chose in action may sue and recover on the same in his own name, if the assignment be in writing.

We think this does not conflict with the provisions of section 2564 of Hemingway's Code above referred to. If there is any question about it I answer that the court has granted the suit in the name of the assignee in this cause. Further the assignment in fact is in writing. I call the court's attention to the fact that the suit was filed July 6, 1917. The original note was dated June 7, 1912, and due January 1, 1913. The renewal is dated January 27, 1913.

The assignee of purchase money note for land is entitled to have the land sold to enforce vendor's lien. *Elmslie* v. *Thurman et al.,* 87 Miss. 537, 40 So. 67.

The case of *Wetherby* v. *Sleeper,* 42 Miss. 732, has no reference to purchase money or money advanced for the purchase of anything. In the case of *Hitt* v. *Applewhite,* 20 So. 161, referred to by appellant the finding of the court was that Hitt merely loaned the money to Applewhite. There was no evidence there even that a lien was intended to be fixed by the transaction.

In the present case there was a credit sale and a lien was intended to be reserved to the vendor. The evidence shows that a lien was intended to be reserved and that the same was to pass to Scott Hardin to protect him. Equity presumes that done which ought to have been done. The evidence shows that Scott Hardin wanted security as a prime proposition. Bachelor and Lunceford knew that Hardin was to take up the note and carry the burden.

They attempted to fix it so that he would be secure. They thought they were reserving a vendor's lien which could be passed with all its security to Scott Hardin. They adopted a short method. Scott Hardin thought he was getting a lien on the land with the transfer of the note to him. Appellants got the benefit of the transaction as if they had made the note payable to Bachelor and he had formally assigned it to Hardin.

Equity cannot endorse the repudiation of a lien in this case by appellants, when they got the land by assenting to the reservation of a lien to be passed to Scott Hardin which was at least attempted to be reserved. They let Scott Hardin take the note to give them time. He was at the time in a position to make his money out of the land, and could have refused to accept the note purporting to carry with it the vendor's lien, of which appellants were well aware, which would have lost them the land. They had evidently arranged for Scott Hardin to take over this note with the vendor's lien and on the strength of this arrangement, attempted to fix it that way, and thus got the land.

The case of *Skaggs, et al.* v. *Taylor Nelson,* 25 Miss. 88, was decided on a different state of facts from these in the instant case and before the enactment of the statute providing for the enforcement of a vendor's lien by an assignment of the claim.

The evidence in the present case is that Batchelor owed Scott Hardin who had a lien on the land, but not to the extent of the purchase price named in the deed from Batchelor to Lunceford. Lunceford did not pay a cent to Batchelor at the time or later, the deed itself manifests the intent to retain a lien in favor of the vendor, and the note given bears out his idea, but the note was made payable to Scott Hardin. The recitations in the deed and the note, taken together, indicates that Scott Hardin was the vendor, and so considered in the transaction but Batchelor says he sold the land to Lunceford.

Treating Batchelor as the vendor and taking into consideration the recitations of the deed and not showing

express care by the parties to have the papers show that the purchase money had not been paid, and the fact that none of it was paid by the purchaser, naturally, we think forces us to the conclusion that Batchelor sold the land to Lunceford extended the credit to Lunceford with the understanding that Hardin would accept the security from him, and so had the note made payable to Hardin. On the delivery of the note then to Hardin the assignment of the claim was complete.

If on the other hand Batchelor extended that credit to Hardin with the recitations in the deed as they are in substance asserting that a purchase money lien was retained, then the sale by Batchelor was to Hardin, and Hardin was the vendor of the land to Lunceford.

The deed recites a credit sale of the land, and the facts are that it was a credit sale whoever was vendor in the sale to Lunceford. Batchelor did not get all the money coming to him until some time later and the estate of Scott Hardin is still seeking to recover the greater part. No purchase money passed to Batchelor at the time of the conveyance and until he delivered note to Scott Hardin, he was not entitled to use any portion of the Lunceford debt to him if he was the vendor in the sale to Lunceford, as a credit on his indebtedness to Scott Hardin. The proof shows that unless Scott Hardin was the vendor in the sale to Lunceford, the mere conveyance by Batchelor to Lunceford did not extinguish the debt which Batchelor was then due Scott Hardin on account of which debt Scott Hardin then had a lien on the land, compatible with and supporting the idea that credit was given by Batchelor to Lunceford in the sale and that the recitations of the deed are true.

In the case of *Skaggs* v. *Nelson,* *supra,* the complainant himself testified that the sale was made by Nelson instead of complainant and the vendor received the entire purchase money when he made the conveyance. In the present case Batchelor, if he is considered the vendor, did not receive the whole of his purchase money at the time he made the conveyance, and we contend that by his con-

veyance he did not get credit even on his debt due Scott Hardin, but not until he had the note of the vendee and had transferred it to Hardin did he get such credit and no money was paid him until maybe a year afterwards, in which case Batchelor necessarily had a vendor's lien to assign and the law now permits such assignment.

Hardin advanced neither credit or money for the purchase of the land. He either gave credit to Batchelor on his debt on assignment of Batchelor's lien in the land, or Hardin himself was the vendor.

It is not a question of an express lien, but of a lien. The statute changes the rule announced in *Pitts* v. *Parker*, 44 Miss. 248, relied on by appellant, and a vendor's lien remains alive though assigned, and the burden of proving its waiver or abandonment is on the vendee according to this case cited by appellant and the statement of the consideration on the face of the note as well as the deed does furnish written evidence of the fact.

ETHRIDGE, J., delivered the opinion of the court.

The appellee filed a suit to establish and enforce a vendor's lien in the sum of one thousand, three hundred and sixteen dollars and seventy-five cents, with interest from January 1, 1914, on the following note:

$1,315.75.                Slate Springs, Miss., Jan. 27, 1914.

"On or before the 1st day of January, 1915, we or either of us promise to pay to the order of Scott Hardin, or bearer, the sum of thirteen hundred sixteen and 75/100 dollars, the same being the balance of the purchase price of the following described land in Calhoun county, Miss., to wit: East half of Southwest quarter of section 7, the East half The East half of Southwest quarter of section 7, the East half of Northwest quarter of section 18, and twenty acres west side of the Northeast quarter of section 18, all in township 22 north, of range 10 east, the same to bear eight per cent from the first day of January, 1914.

"[Signed]                           M. T. LUNCEFORD.

"P. E. LUNCEFORD"

—and alleged that he, the appellee, had a vendor's lien upon the land. The defendants, appellants here, denied that he had any vendor's lien, and denied that they had purchased the land described in the note from Scott Hardin, the deceased.

The proof shows that J. T. and Minnie Batchelor, in consideration of sixteen hundred and seventy-five dollars, conveyed to Mrs. H. W. Lunceford and Perry Lunceford the lands described above. At the time of this sale from Batchelor to Lunceford, which was on the 7th day of June 1912, Batchelor and wife owed Scott Hardin a sum of money which was secured by deed of trust upon the land in question. When Batchelor was ready to sell the land to Lunceford, he went to Hardin to see if it was agreeable, and Hardin agreed to the sale, and agreed to take the note for sixteen hundred and seventy-five dollars, and to repay Batchelor the amount that Batchelor had paid Hardin, who furnished Batchelor the money to buy the land from the persons who conveyed to Batchelor the land in question, namely, J. E. and Leah Doss. The proof shows that Scott Hardin never owned the land in question. There was also a plea of usury and a plea of payment.

The note given originally to Scott Hardin was dated June 7, 1912, and was for sixteen hundred and seventy-five dollars, and had certain credits on the back of it, which credits were admitted to be in the handwriting of Scott Hardin and signed by him. There was also a credit on this note of five hundred and seventy-five dollars and sixty-three cents, but this credit was not signed by Scott Hardin, although it was claimed by the appellants to be in his handwriting. The appellants were not permitted to testify, but introduced the original note, with the alleged credit, and sought to prove that the unsigned credit was in the handwriting of Scott Hardin; but the witness would not state positively that it was in the handwriting of Scott Hardin, and the original note was sent up with the record for our inspection.

The chancellor found for the appellee administrator, and disallowed the credit of five hundred and seventy-five dollars and sixty-three cents, and decreed a vendor's lien, and ordered the land sold to pay the debt. The testimony clearly shows that Scott Hardin never owned the land in question. He was not the vendor in the sale of the land, but merely furnished the purchase money to the buyer.

It is well settled that paying the purchase money by a third person to the vendor does not make such third person a vendor, nor does it give him the rights of a vendor. The contract above set out does not create a lien in terms, and, the vendor's lien being a creature of the law, the recital in an instrument that the note is for purchase money does not make the lender a vendor, where the facts clearly show that he was not such in fact. It was therefore error for the chancellor to establish the vendor's lien. The question of the payment involved in the credit on the original note is for the decision of the trier of facts, and is to be established or defeated by proper evidence, expert or otherwise, as to handwriting, and ordinarily the decision of the trier of fact on a comparison of handwriting would not be reversed by this court.

For the error in decreeing a vendor's lien on the land, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*