## JOHN J. SOUKUP v. FRANK WENISCH.[1]

### May 29, 1925.

### No. 24, 749.

**Lender of money to vendee to pay purchase price of land not entitled to equitable vendor's lien.**

1. The defendant obtained from the plaintiff money which was to be and was used in paying a portion of the purchase price of land which he was buying of another, and gave him his note therefor. It is *held* that the plaintiff acquired no equitable vendor's lien.

**Finding sustained that lender acquired no equitable mortgage lien.**

2. The evidence. sustains the finding that the defendant did not

[1]Reported in 204 N. W. 35.

agree to give the plaintiff security for the money; and the plaintiff acquired no equitable mortgage lien by contract.

1.  See Vendor and Purchaser, 39 Cyc. p. 1802.
2.  See Mortgages, 27 Cyc. p. 980.

---

1.  See 27 R. C. L. pp. 583, 587; 3 R. C. L. Supp. 1517.
2.  See note in 18 A. L. R. 1100. 27 R. C. L. p. 583; 4 R. C. L. Supp. pp. 1761, 1762.

Action in the district court for Brown county to enforce a vendor's lien. The case was tried before Olsen, J., who ordered judgment in favor of defendant. Plaintiff appealed from an order denying his motion for a new trial. Affirmed.

*Mueller & Erickson*, for appellant.

*Albert D. Flor*, for respondent.

DIBELL, J.

Action to enforce a vendor's lien. There were findings for the defendant and the plaintiff appeals from the order denying his motion for a new trial.

1. On May 4, 1920, Wenzel Soukup, a brother of the plaintiff, conveyed real property in New Ulm to the defendant Frank Wenisch. The consideration was $3,500, all of which Wenzel Soukup received. Wenisch paid $2,100 of his own money, and obtained from the plaintiff $1,400 with which he paid the balance and for which he gave the plaintiff his note at 5 per cent. For this $1,400 the plaintiff claims a vendor's lien.

The doctrine that a vendor has a lien for unpaid purchase money is recognized but disfavored. Radke v. Myers, 140 Minn. 138, 167 N. W. 360; Shove v. Burkholder Lumber Co. 154 Minn. 137, 191 N. W. 397. The policy of the law favors a requirement that there be written and recordable evidence of interests in land. The attitude of our court is reflected in Hammond v. Peyton, 34 Minn. 529, 27 N. W. 72, where it was held that the purchaser of the note given by the vendee to the vendor was not entitled to a lien. It was recognized that this holding did not comport with all the

analogies of the law, for generally a lien follows the debt; but the disfavor of the vendor's lien, created by equity and not by contract or statute, was thought to justify the result. The authorities are not in harmony but the doctrine is well enough supported. 2 Jones, Liens, § 1092; 39 Cyc. 1811; 27 R. C. L. 585. It represents good practical policy.

One who advances money to the vendee to pay the purchase money should be in no better position in a court of equity, it would seem, than the assignee of the purchase money note given by the vendee to the vendor. He is not a vendor nor the assignee of the vendor. He has no contract relations with the vendor and is not in privity with him. His contract is with the vendee. The authorities quite generally hold, at least in jurisdictions where the assignment of the debt does not carry the lien, that one who loans money to the vendee to be used in purchasing does not have a vendor's lien or an equivalent right. Hardin v. Hooks, 72 Ark. 433, 81 S. W. 386; Chapman v. Abrahams, 61 Ala. 108; Gray v. Baird, 72 Tenn. 212; Nottes's Appeal, 45 Pa. St. 361; Poole v. Tannis, 137 Wis. 363, 118 N. W. 188, 864; Lunceford v. Hardin, 124 Miss. 48, 86 South. 710. And see 39 Cyc. 1802; 27 R. C. L. 583. Under the simple facts before us the plaintiff acquired no equitable lien.

2. The finding of the court is that Wenisch did not agree to give the plaintiff security upon the property for the $1,400 note. The finding is supported by ample if not conclusive evidence. There is no room for the application of the doctrine that an equitable mortgage or lien may be founded on an unfulfilled promise to give security. See Hughes v. Mullaney, 92 Minn. 485, 100 N. W. 217; Irvine v. Armstrong, 31 Minn. 216, 17 N. W. 343; Sprague v. Cochran, 144 N. Y. 104, 38 N. E. 1000; Ludwig v. Ludwig, 170 Wis. 41, 172 N. W. 726; Poole v. Tannis, 137 Wis. 363, 118 N. W. 188, 864.

The conclusion reached upon the two fundamental points determines the case adversely to the plaintiff and makes unnecessary the mention of other questions discussed in the briefs.

Order affirmed.