HENRY IRVINE *vs.* ROBERT J. ARMSTRONG and others.

November 15, 1883.

**Specific Performance—Agreement to Execute Mortgage.**—The general
rule is that any agreement will be enforced specifically in a court of equity,
where the specified thing or act contracted for, and not mere pecuniary
compensation, is the redress practically required. Application of this
rule in this case to the enforcement of an agreement to execute a mort-
gage upon real estate.

To enable the defendants Armstrong and wife to obtain a certain
farm in Wright county, upon which was a $300 mortgage, the plain-
tiff bought it and at once resold and conveyed it to Armstrong, sub-
ject to the $300 mortgage, taking back a mortgage for $900, securing
nine notes for $100 each, of the same date with the mortgage, the
first note payable four years from date, and the rest payable one in
each succeeding year, without interest for three years from date, and
with interest at six per cent. per annum thereafter. The $300 mort-
gage becoming due, and the $900 mortgage to plaintiff having been
recorded, it was agreed between plaintiff and Armstrong and wife,
that, to enable Armstrong to borrow, upon security of the farm, money
to pay off the $300 mortgage, the plaintiff should cancel his $900
mortgage, and that, when the loan should have been made and se-
cured by a first mortgage on the land, the defendants Armstrong and
wife should execute to plaintiff a mortgage of the same purport as
that cancelled. This agreement for the execution of the new mort-
gage to plaintiff was in writing, signed by Armstrong and wife. The
plaintiff thereupon cancelled his mortgage, the $300 mortgage was
paid off and cancelled, and a first mortgage of the farm was made
and recorded to secure the money borrowed for that purpose. This
took place in December, 1880. Armstrong and wife refused to per-
form their agreement with plaintiff to execute a new mortgage, but
sold and conveyed the premises to the defendant Henderson, who
bought with notice of the agreement.

This conveyance was made by the grantors and received by Hen-

·derson with intent (as alleged in the complaint and found by the court) to defraud the plaintiff of his rights under the agreement.

The plaintiff, in February, 1882, brought this action in the district ·court for Wright county, against Armstrong and wife and Henderson, praying among other things that the deed to Henderson and the rec-·cord thereof be cancelled, and for a specific performance of the agree-ment for a new mortgage. The defendants, in their answer, denied the fraud charged, alleged usury in the original notes and mortgage ·to plaintiff, and prayed leave to pay plaintiff whatever the court might find to be the lawful indebtedness of the Armstrongs to him.

The action was tried by *Shaw,* J., who found the facts above ·stated, (with others not here material,) and the amount of the in-·debtedness to plaintiff, and ordered that the defendants have leave to pay such amount, with the costs of suit, within forty days, and, in ·default of such payment, judgment should be entered, requiring all the defendants to join in executing to plaintiff the mortgage required by the agreement, etc. A motion for a new trial was denied, and the ·defendants appealed.

*Daniel Fish,* for appellants, cited Adams on Equity, 9, 77; 1 Pome-roy, Eq. Jur. § 176; Pomeroy on Specific Perf. §§ 8, 323; Bispham's Equity, § 375; High on Injunctions, § 30; *McClane* v. *White,* 5 Minn. 139, (178.)

*Peck & Little,* for respondent.

BERRY, J. As to whether the transaction involved in this suit was usurious or not, the testimony was flatly contradictory. But it was entirely oral, and the learned judge who saw and heard the witnesses has found no usury. That there is abundant testimony to support the finding of the judge below there can be no doubt. In this state ·of facts, to set aside the finding would be to disregard a familiar rule, which has long been established and followed in this court, and which we see no reason to abandon. The finding cannot be disturbed.

It is found, in substance, by the court below that defendants Arm-strong and his wife, for a valuable consideration, agreed with plaintiff to secure an indebtedness of defendant Armstrong to plaintiff of $900, (to be evidenced by Armstrong's notes,) by executing to plaintiff a mortgage upon certain land,—the terms of the notes and mortgage

being definitely agreed upon,—and that they have refused to carry out their agreement. The plaintiff asks that said defendants be required to perform their agreement specifically. To this it is objected that an agreement of this kind is not a proper subject of specific performance; that plaintiff has an ample remedy in an action at law for damages; and that, therefore, equity will not intervene.

The general rule is that any agreement will be enforced specifically in a court of equity, where the specified thing or act contracted for, and not mere pecuniary compensation, is the redress practically required. Bisp. Eq. § 370; Adams's Eq. 83; 1 Story, Eq. Jur. § 716. Under this rule agreements to execute mortgages upon real estate, as security for the payment of money, or to make an annuity a charge or lien upon lands, are specifically enforced. Such agreements are often entered into, on the part or behalf of the obligee or annuitant, for the purpose of making what is properly called an "investment" or "permanent investment." In such circumstances it is plain that the recovery of money damages would fall far short of accomplishing the purposes of the agreement, or of affording the redress practically required in common fairness and justice. *Hermann* v. *Hodges*, L. R. 16 Eq. Cas. 18; *Ashton* v. *Corrigan*, L. R. 13 Eq. Cas. 76; *Wellesley* v. *Wellesley*, 4 Mylne & C. 561; *Ogden* v. *Ogden*, 4 Ohio St. 182; *Hale* v. *Omaha Nat. Bank*, 49 N. Y. 626, 634; *Johnson* v. *Johnson*, 40 Md. 189; *Rolleston* v. *Morton*, 1 Drury & War. 171, 190; *McClintock* v. *Laing*, 22 Mich. 212; Waterman, Spec. Perf. § 20.

In the cases cited from the Law Reports, the agreement was for a mortgage with an *absolute or immediate power of sale;* yet specific performance was decreed. In *Hermann* v. *Hodges*, Lord Selborne said that he had no doubt of the propriety of decreeing specific performance, "unless the defendant was prepared to pay off the advance at once." In the case at bar, the agreement was to execute a mortgage to run for *twelve years*, none of the amount secured to be paid for the first three years; but after that to be paid in equal annual instalments of $100 each, with 6 per cent. interest. Such a mortgage would certainly be an *investment* of considerable permanence. The trial judge (apparently as a favor or indulgence, and not as of right) gave the defendants 40 days within which to pay the money. Upon

their default in so doing, a decree for specific performance was to be entered. Whether the defendants were entitled to this alternative, and whether the plaintiff was not, upon the findings of fact, entitled to a decree absolute for the execution of the mortgage, we need not inquire. The plaintiff has taken no appeal, and, as respects the defendants, the decision of the trial court was clearly *within* the authorities.

This disposes of what appear to us to be main points in the case. We have not overlooked the several other points made upon defendants' brief, but deem it unnecessary to discuss them here.

Order affirmed.