MARY ANN HUGHES v. EDWARD F. MULLANEY and Another.[1]

July 1, 1904.

Nos. 13,948—(184).

**Security for Loan.**

Plaintiff made a loan to defendants of $1,100 for the purpose of enabling them to buy a home, under the agreement that the premises so purchased should be held by plaintiff as security when defendants obtained title thereto.

*Held*, plaintiff having made demand that the security be furnished, and the same having been refused, a cause of action arose in plaintiff to have the amount of the loan, with interest, adjudged a lien upon the premises, and that the same be sold to satisfy the same.

Action in the district court for Ramsey county to establish and enforce an equitable mortgage on real estate as security for the sum of $1,100 lent to defendant for the purchase of the premises. The case was tried before Kelly, J., who made findings of fact and as conclusions of law found that plaintiff was entitled to a specific lien upon the premises as prayed, but that she was not entitled to enforce the same as long as the annual interest on the loan should be paid. From a judgment entered pursuant to the findings, plaintiff appealed. Modified.

*Daniel Murphy,* for appellant.

*C. D. & Thos. D. O'Brien,* for respondents.

LEWIS, J.

The complaint in this action alleged that in 1899 plaintiff, being an aged widow, and unfamiliar with business, entered into an oral agreement with defendants, husband and wife, to the effect that, if she would loan them money from time to time for the purpose of helping them make payment in the purchase of a home in the city of St. Paul, they would secure the money so loaned as soon as they received title to the premises by the execution of a mortgage, with interest at six per cent.; that in pursuance of such agreement defendants entered into a contract for the purchase of the property for $1,600; that thereafter, in

[1] Reported in 100 N. W. 217.

pursuance of such agreement, and for such purpose, plaintiff advanced and loaned defendants, from time to time from May, 1899, to November, 1900, $1,200, which defendants applied to the purchase of the premises described, consisting of a house and lot; that in February, 1901, the property was paid for, and a deed received in the name of defendant Edward F. Mullaney. Judgment was demanded against defendants for the money so advanced, with interest, that it be declared a specific lien upon the property, and that the premises be sold in foreclosure to satisfy the debt.

To this complaint defendants answered, admitting the loan of $1,100 from plaintiff, and alleged that in consideration thereof they agreed to provide a home for her during her life; that April 22, 1902, without just cause, plaintiff left their home, and that they have been willing and ready to comply with their agreement to provide such home for the rest of her life; and counterclaimed for board bill.

The cause was tried before the court without a jury, and it was found that plaintiff was a widow, sixty five years old; that for five years she had boarded and roomed with defendants, and while so residing with them had, from time to time, loaned them the sum of $1,100 as a permanent investment to enable defendants to acquire and own a home; that the money so loaned was used by defendants in the purchase of the premises described in the complaint, of which a deed was delivered to defendant Edward F. Mullaney; that plaintiff, for the purpose of making a permanent investment of her money, loaned it to defendant Edward F. Mullaney for such time as he should need it, and in consideration thereof he agreed that, as soon as he received title to the premises, he would secure plaintiff for the money advanced and pay interest at the rate of six per cent. per annum. The court further found that plaintiff agreed to pay defendants the reasonable value of her board and room so long as she continued to live with them, and that the same might be applied upon the interest and debt; that she resided with them five years, during which time no accounting had ever been made between her and defendants; that for the first two years plaintiff agreed to pay $12 and for the last three years $16 per month. As conclusions of law the court found: (1) That defendant Edward F. Mullaney was indebted to plaintiff in the sum of $1,100, with interest at the rate of six per cent. per annum from January 1, 1903, less $38.23, which

was applied as interest for 1903. (2) That defendants might pay off and discharge the debt, or any part thereof, at any time, but that, so long as the interest shall be paid on or before January 1, each year, plaintiff cannot declare the debt, or any part thereof, to be due; that the premises and all the estate, right, title, and interest therein be charged with a specific lien in favor of plaintiff to secure her for $1,100 and interest, and, in case defendants shall fail to pay any annual instalment of interest, then plaintiff may elect to declare the principal sum to be immediately due, and enforce the lien thereon. Judgment having been entered in accordance with the findings plaintiff appealed upon the ground that under the undisputed evidence and the findings she was entitled to the full measure of relief prayed for in the complaint.

The only question of fact challenged which it is necessary to notice is that the loan was made by plaintiff as a permanent investment, as well as for the purpose of enabling defendants to acquire and own a home of their own. Unquestionably, the relation existing between plaintiff and defendants was very friendly, and the principal inducement in making the loan was a desire on the part of plaintiff to assist defendants in securing a home. The court found directly against defendants on the issues. There is no evidence in the record to support the claim made in the answer that the money was loaned by plaintiff in consideration that defendants furnish her a home for life. If there is any evidence to sustain the finding that the loan was a permanent one, it is from the fact that no definite time of duration was mentioned when the money was furnished. The court having found that the loan was made at six per cent. interest, as claimed by plaintiff, under an agreement that the premises in which it was invested should be given as security, and having found against the contention of defendants that the loan was a gift, in the absence of other evidence it conclusively follows that the investment was not intended to be a permanent one at the will of defendants, simply because no time was fixed for its duration. The court found that the loan was made with the understanding that security was to be furnished upon the premises purchased, but does not find, as claimed by plaintiff, that such security was to be furnished in the form of a mortgage. If security was to be given, it was certainly to be in some tangible and useful form, and it cannot be as-

sumed that the only security available to the plaintiff would be a judgment lien to be secured at the termination of a lawsuit.

It conclusively appears from the record that plaintiff made a demand for the security after defendants obtained title, and, if the money was advanced with the understanding that security should be furnished, then defendants were in default in failing to comply with their agreement upon demand. There is no appeal by defendants, and consequently the validity of the contract is not called into question, but we agree with the trial court that the case comes within the exception that an oral agreement will be enforced in a court of equity where the specific thing or act contracted for, and not mere pecuniary compensation, is the redress practically required. Irvine v. Armstrong, 31 Minn. 218, 17 N. W. 343. As we view this case, under the findings of the court and the undisputed evidence, the agreement was that defendants were compelled to tender security to plaintiff upon the premises purchased within a reasonable time after demand for the same, title having been obtained; that such demand was made and refused, and immediately there arose a cause of action in behalf of plaintiff that the amount found to be due, with interest at six per cent. be decreed a specific lien upon the premises, and that the same be sold to satisfy the amount, with costs and disbursements.

The cause is remanded, with directions to the trial court to modify the judgment accordingly.