## JOHN BOWE v. BENJAMIN COLE and Others.[1]

### May 7, 1915.

### Nos. 19,116—(62).

**Partition — right of action.**

> One of the defendants, the owner of an undivided third in a certain tract of land, conveyed to the plaintiff by deed the absolute right for a period of five years to take and remove therefrom all the sand he might wish and find use for, together with the absolute right of entry for such purpose. The value of the interest acquired by the plaintiff is alleged to be $1,500. It is *held* that the plaintiff does not have "an estate of inheritance * * * ·or for years" enabling him to maintain an action of partition within G. S. 1913, § 8028.·

[1] Reported in 152 N. W. 534.

Action in the district court for Yellow Medicine county for partition of the premises described in the complaint. From an order sustaining the demurrer of certain of the defendants, Qvale, J., plaintiff appealed. Affirmed.

*Johnson & Lende,* for appellant.

*A. W. Ewing,* for respondent.

PER CURIAM.

Action in partition. The plaintiff appeals from an order sustaining the demurrer to his complaint.

The defendant William H. Cole is the owner of an undivided one-third of the land sought to be partitioned. The statute as to partition is as follows:

"When two or more persons are interested, as joint tenants or as tenants in common, in real property of which one or more of them have an estate of inheritance or for life or for years, an action may be brought by one or more of such persons against the others for a partition." G. S. 1913, § 8028 (R. L. 1905, § 4392).

On February 3, 1913, William H. Cole made and acknowledged and delivered to the plaintiff a written instrument, which was duly recorded, purporting to give the plaintiff the right to remove sand from the land involved. The instrument recited and acknowledged a consideration of one dollar, and other valuable considerations, for which Cole "hereby sells and conveys to the party of the second part and his heirs and assigns, forever, the absolute right to take and remove all the sand that he may wish to and find use for at any and all times for a period of five years from and after the date hereof" from the land. Cole also sold and conveyed by this instrument "the absolute right to enter upon any and all portions of said land during any and all times of said period for the purpose of taking and removing such sand, and the said party of the first part does hereby grant, bargain and convey unto the said party of the second part, the right to continue to enter upon said premises and remove such quantities of sand therefrom as he may see fit and desire after the said period of five years from the date hereof, for a further and additional period of five years by paying

to the party of the first part, for said privilege, at the rate of $50 per year, for as many years as he may see fit to enter upon said premises and remove sand therefrom."

The first question presented, decisive of the case if answered in the negative, is whether this instrument conveys such an interest that the plaintiff is entitled to partition. It is not claimed that Cole could give a right to the plaintiff to take sand from the land as against his co-owners. The claim is that this instrument gives such an interest in the land that Bowe, the plaintiff, can maintain partition, and that when partition is had he may assert his right under the contract against the interest set off to Cole, or if it is sold in partition get from the share of Cole the value of the right which Cole granted him.

The agreement is supported by a consideration. It is very uncertain and indefinite in its provisions. The right to take the sand is not made exclusive in Bowe. It is not provided that Cole may not himself take sand. The absolute right is granted the plaintiff to enter upon the premises and take and remove sand. There are no regulations fixing the manner of removal. There are no provisions fixing the relative rights of the plaintiff and the defendant in carrying out the details of the necessary operations.

Insofar as the views expressed are inconsistent with Caldwell v. Fulton, 31 Pa. St. 475, involving an agreement in terms somewhat like the one before us, we do not follow it.

We are of the opinion that the plaintiff does not have under the instrument such rights in the land as entitle him to maintain partition.

Order affirmed.