BUTLER BROTHERS COMPANY v. J. LEVIN AND OTHERS.[1]

February 5, 1926.

No. 25,144.

No estoppel based on conditional promise.

1. No estoppel can be predicated on a promise which reserves to the promisor the privilege of nonperformance.

General rule concerning estoppel.

2. The general rule is that in order to constitute an estoppel, there must be representations concerning a present or past state of things as distinguished from promises of future action.

Exception to general rule not permitted when married woman promises to mortgage her homestead.

3. There may be sometimes an exception to that rule in the case

[1]Reported in 207 N. W. 315.

of a statement relating to an intention to abandon an existing right made to influence others who have in fact been influenced by it. That exception denied application to the promise of a married woman to sign a mortgage on her homestead.

Estoppel, 21 C. J. pp. 1139 n. 94; 1142 n. 14; 1143 n. 15.
Frauds, Statute of 27 C. J. p. 218 n. 38.
Homesteads, 29 . C. J. p. 961 n. 26 New.

Action in the district court for Hennepin county to foreclose a mortgage. The case was tried before Montgomery, J., who ordered judgment in favor of defendants. Plaintiff appealed from the judgment. Affirmed.

*Joss, Ohman, Fryberger & Parker*, for appellant.

*Kenny, Lohmann & Gardner*, for respondents.

STONE, J.

Action to foreclose a mortgage wherein judgment went for defendants. Plaintiff appeals. The mortgage was on the homestead of Max and Mary Levin. Not having been signed by the wife, it was void under section 8340, G. S. 1923, which provides that if the owner of the homestead be married, no mortgage thereon except for the unpaid purchase money, "shall be valid without the signatures of both husband and wife." The invalidity of the mortgage is sought to be avoided by subjecting the wife to an estoppel arising from her promise to plaintiff, as the creditor not of the wife but of the husband and his brother, J. Levin, that if plaintiff would discontinue further proceedings to collect the debt, which was then collectible, she, the wife, "in the event the said plaintiff would relieve her for the time being from signing said mortgage," would see to it that the debt was paid, or if it was not that "she would sign said mortgage or plaintiff could take judgment or do anything else it had a mind to." Plaintiff relied upon that promise and it has not been performed. Circumstances have so changed in the meantime that the debt is a loss, the debtors having become bankrupt.

The promise was not unequivocal. Mrs. Levin reserved the alternative of refusing to sign and permitting plaintiff to "take judgment or do anything else it had a mind to." Plaintiff therefore was not justified in considering the undertaking an absolute one to sign the mortgage. So, however considered, the promise is not an adequate basis for an equitable estoppel.

The promise related wholly to the intention of the promisor with respect to future action. It did not relate to present or past conditions or rights. The law is that a promise, representation or concealment in order to constitute an estoppel, even when relied upon, must "have reference to a present or past state of things." Bigelow, Estoppel, 636. The latest text authority comes from England and is to the effect that in all cases of promises, as distinguished from affirmations, "the courts have not shrunk from their duty to regard the matter in this light only, though the result has been in many cases to leave just expectations unrealized, and absolve from all consequences conduct which was at least morally censurable. In all cases, accordingly, where it is admitted, or established, that the party claiming cannot succeed against his opponent on the basis of contract (either because there was no contract in fact, or because the contract is by statute, or at common law, unenforceable), and it is therefore only possible for him to succeed if he can establish a representation which the other party will be estopped from contradicting, and the statement on which he relies cannot reasonably be interpreted otherwise than as a promise, he has always been left without any remedy at all." Bower, Estoppel by Representation (1923) § 46.

To this rule it is stated that there is an exception "where the statement relates to an intended abandonment of an existing right, and is made to influence others who have in fact been influenced by it." 21 C. J. 1142. We decline to allow that exception in this case because it would be so clearly in contravention of our statute which renders any attempted alienation of the homestead of a married owner, not executed by both spouses, not unenforceable merely but void. It is a statute which courts are bound to regard "in

equity as well as at law." Glass v. Hulbert, 102 Mass. 24 (28), 3 Am. Rep. 418. It is "not a mere rule of evidence, but a limitation of judicial authority to afford a remedy." If statutory limitations upon judicial action were to be so disregarded, the purpose of the lawmaking power, which here is to protect the homestead from creditors, would be thwarted and the door opened to the very thing which the legislature intended to prevent, an alienation of the homestead without the formal written consent of both husband and wife. It is not for judicial power so to thwart legislative purpose.

No authority has been cited to the contrary. It is argued that we have recognized estoppel against the wife in the case of a homestead. We have, but in no such manner as is now invoked. For example, in Osman v. Wisted, 78 Minn. 295, 80 N. W. 1127, the husband made a statutory homestead selection in the course of insolvency proceedings. His wife acquiesced in and ratified it, and so was estopped from claiming that the homestead actually included a platted lot which had been excluded from the husband's selection. In Bozich v. First State Bank of Buhl, 150 Minn. 241, 184 N. W. 1021, the husband was estopped, not by any promise concerning future action, but by his representation that he was a single man. He was in fact married, and, after his wife's death, ownership of the mortgaged property remaining unchanged, he was prevented by estoppel from pleading the invalidity of the mortgage, the loan secured by which he had procured by the representation that he was single. In St. Denis v. Mullen, 157 Minn. 266, 196 N. W. 258, the estoppel referred to was by conduct which amounted not to a promise but rather a representation "giving an appearance of a perfect title wholly inconsistent" with that relied upon by plaintiffs.

Much could be said about the promise here relied upon as one attempting to create an interest in land and therefore invalid under the statute of frauds, section 8459, G. S. 1923, because not in writing. A promise to execute a mortgage upon land is "for the sale of an interest in real property within the meaning" of the statute of frauds: For "one who promises to make another the owner of a

lien or charge upon land, promises to make him the owner of an interest in land, and this is equivalent in effect to a promise to sell him such an interest." Sleeth v. Sampson, 237 N. Y. 69, 142 N. E. 355, 30 A. L. R. 1400, wherein it was refused to enforce an oral promise to execute a mortgage securing a loan made up of a past debt and an additional advance on the faith of the promise. Speaking of the effect of the payment of money by the lender as part performance, for the purpose of enabling equity to enforce it notwithstanding the statute, the court concluded "that payment without more does not obviate the necessity for a writing." The reasoning was that, inasmuch as the payment of the purchase price upon the faith of a parol promise of an absolute conveyance does not remove the case from the statute, payment should not have that effect upon an oral promise to convey conditionally by mortgage.

On the same subject and not altogether in accord with the New York court, are Ludwig v. Ludwig, 170 Wis. 41, 172 N. W. 726, and Dean v. Anderson, 34 N. J. Eq. 496. In Baker v. Baker, 2 S. D. 261, 49 N. W. 1064, 39 Am. St. 776, where a lender advanced money for the purpose of paying a prior mortgage upon the faith of the borrower's promise to secure the loan by a new mortgage to him, which promise was unperformed, the lender was given an equitable lien upon the real estate as the equitable assignee of the paid mortgage. This court has held that a promise to execute a mortgage would be specifically enforced "where the specified thing or act contracted for, and not mere pecuniary compensation, is the redress practically required." Irvine v. Armstrong, 31 Minn. 216, 17 N. W. 343. See also Brown v. E. Van Winkle G. & M. W. 141 Ala. 580, 39 South. 243, 6 L. R. A. (N. S.) 585. But this phase of the matter has not been argued and so is not a basis for decision. For the other reasons stated, there was no estoppel and the judgment appealed from must be and is affirmed.

So ordered.