# RENVILLE STATE BANK v. FERDINAND LENTZ, JR. AND ANOTHER.[1]

June 3, 1927.

No. 26,116.

**Judgment for money loaned to purchase homestead cannot be made a lien on the premises.**

Plaintiff loaned money to defendants, husband and wife, for the purchase of a homestead and upon the fraudulent promise of the husband that, when title thereto was acquired by him, he would secure plaintiff by a mortgage thereon. Judgments for the amount of the loan having been procured against defendant husband, in this action to have those judgments declared a lien upon the homestead, it is *held*:

(1) The lien sought for is prevented by the statute, G. S. 1923, § 8336, which exempts homesteads from all liens (with exceptions not here material) "not lawfully charged thereon in writing."

(2) The case shows a violation of a promise of future action rather than of an existing duty and so is not one for the imposition of a lien to enforce a trust ex maleficio.

Homesteads, 29 C. J. p. 855 n. 8; p. 866 n. 49; p. 907 n. 3.

Defendants appealed from a judgment of the district court for Renville county, Qvale, J. Reversed.

*Edward Lindquist, C. A. Fosnes,* and *John C. Haave,* for appellants
*Daly & Barnard,* for respondent.

STONE, J.

Action against husband and wife to have two judgments for money loaned the husband declared a lien upon the homestead of defendants, who appeal from the judgment awarding that relief.

The one finding of fact is that the allegations of the complaint are true. Compare War Finance Corp. v. Erickson, supra, page 276. The case so made is that in April, 1920, plaintiff loaned the husband $4,500 upon the faith of his oral representation, made fraudulently

[1]Reported in 214 N. W. 467.

for the purpose of inducing the loan, that if plaintiff would advance him the said sum he would use it for the purchase of a certain residence property and would secure payment by the note of both defendants and "a first mortgage on the said premises." Defendants acquired the property, now their homestead, with the money loaned by plaintiff, but refused the promised mortgage. The loan was in fact first evidenced by the promissory notes of the husband alone. In default of payment, plaintiff procured against him the judgments in question, into which the notes are now merged. This appeal challenges a decree making those judgments a lien upon the homestead of defendants and providing for foreclosure.

1. The sole question is whether the facts that the loan was induced by the fraudulent promise of the mortgage and that its proceeds were actually used to purchase the property justify the imposition of the lien. The first obstacle to it is in G. S. 1923, § 8336, which exempts homesteads "from seizure or sale under legal process on account of any debt not lawfully charged thereon in writing, except such as are incurred for work or materials furnished in the construction, repair, or improvement of such homestead, or for services performed by laborers or servants." That statute bars the lien here sought unless it can be sustained under some principle of equity not affected by the statute. True, in Hughes v. Mullaney, 92 Minn. 485, 100 N. W. 217, a lien was allowed against a homestead because of an oral promise by the owner which induced the loan of the purchase money. But when that case was decided (1904) the statute did not contain the words "lawfully charged thereon in writing." They were added by R. L. 1905, § 3452.

Another asserted obstacle to the lien is that it rests solely upon an oral promise to execute and deliver in the future a mortgage upon land. Such a promise has been held one for the transfer or creation of an interest in real property within the statute of frauds. G. S. 1923, § 8459. See Sleeth v. Sampson, 237 N. Y. 69, 142 N. E. 355, 30 A. L. R. 1400, and Butler Brothers Co. v. Levin, 166 Minn. 158, 207 N. W. 315. Solution of the question thus presented is not now required and we pass it without discussion.

2. The argument that the homestead exemption statute is not in derogation of the lien-creating power of equity is correct. For example, the fact that land is a homestead does not prevent its being subjected to a trust ex maleficio. See American Ry. Exp. Co. v. Houle, 169 Minn. 209, 210 N. W. 889, where the home was purchased with funds embezzled by the husband and a trust was impressed for the benefit of the employer from whom the money was stolen and who owned it ab initio. It was the conventional equitable procedure of following the fund to the property into which it had been converted. Here we have a very different case, and the effort is to subject the homestead to a lien in lieu of one actually promised contractually. The wrong sought to be remedied is therefore the violation of a promise of future action and not of a present trust, duty or existing ownership. Trusts ex maleficio stand on the latter footing and arise "purely by construction in equity and are independent of any actual or presumed intention of the parties." Sieger v. Sieger, 162 Minn. 322, 202 N. W. 742, 42 A. L. R. 1. There land was purchased by the wrongdoer and in her own name, whereas she had procured the funds for the purpose and under the duty of making the purchase in the name of and for the plaintiff. No such wrongdoing is present here, no such trust as arises where one purchases with the money of another property which legally must be purchased for and in the name of the one advancing the funds. In such a case there is a clear violation of a present trust. In the instant case all we have is the violation of a promise to do something in the future. The statute prevents the artificial creation of a lien on a homestead merely to make good such an undertaking.

Lindell v. Lindell, 150 Minn. 295, 185 N. W. 929, is another case where, notwithstanding the statute and under a familiar principle of equity, a lien was impressed upon a homestead, although not "charged thereon in writing." The relief was allowed not absolutely to the defendant but only as a condition to the remedy sought by the plaintiff, and because alone of the principle that he who seeks equity must do equity. There is express recognition of the fact that because of a plaintiff's being under the necessity of doing equity to

another in order to obtain it for himself a defendant may sometimes "be awarded equitable relief which he could not have secured in an independent suit brought to obtain it." That observation alone distinguishes the case from this one.

Judgment reversed.