## S. N. KINGERY v. BELLE KINGERY.[1]

March 11, 1932.

No. 28,768.

[1]Reported in 241 N. W. 583.

*E. H. Nicholas,* for appellant.
*J. A. Cashel,* for respondent.

OLSEN, J.

Plaintiff appeals from an order denying his motion for a new trial.

The case was tried to the court and findings of fact and conclusions of law made. The findings of fact are not challenged. The contention is that the conclusions of law are contrary to the law and facts and are not sustained by the findings of fact, and that such findings require conclusions of law and order for judgment in favor of plaintiff instead of in favor of defendant, as made.

The plaintiff is a son of the defendant. The defendant owns and resides upon a 20-acre tract of land, which is her statutory homestead. For several years prior to 1922 the land was owned by defendant's husband, J. C. Kingery, plaintiff's father, and the husband and wife occupied the land as their homestead. In April of that year the husband conveyed the land, through an intermediary, to his wife, defendant herein. The deeds so made were duly recorded in April, 1923. Thereafter, until the husband died in February, 1929, the husband and wife continued to occupy the land as their homestead, and the defendant has ever since continued to occupy the land as her homestead.

The land was encumbered by two mortgages, one to a Mr. Jones for $4,000, and a second mortgage to a Mr. Johnson, originally for $6,000 but which had been reduced by payments to about $2,500 and which Johnson had agreed to satisfy on payment of $500. There was also on file a lien statement by the collector of internal revenue against J. C. Kingery for an alleged income tax claim. This alleged lien was not filed until August 20, 1925, more than three years after defendant had become the owner of the land. It was not against her and was no apparent lien upon her property. Presumably for that reason the collector satisfied the lien of record on August 28, 1926, without any payment.

The Jones mortgage was due in 1924, and we infer that the balance on the Johnson mortgage was due as early as 1925.

The court found in substance that in 1925 defendant applied to the plaintiff to assist her in obtaining a new loan by placing a new first mortgage upon the land for as large a sum as could be obtained, and to advance for her any additional amount that might be necessary to pay the existing mortgages. It was agreed between them that plaintiff should so assist defendant and should advance the money necessary over and above what was obtained on a new first mortgage, and defendant agreed that she would thereafter give plaintiff a note and second mortgage on the land for such amount as he should so advance, which note and mortgage were to become due and payable on the death of the defendant, or when she abandoned the homestead, without interest until due. These negotiations and agreements were all oral. No written agreement was ever made. Defendant's husband, then living with her upon the homestead, is not shown to have had any part therein.

A new loan for $2,600 was thereafter obtained in 1926. Plaintiff advanced for his mother $2,236.19 to pay what was due on the Jones and Johnson mortgages, over and above the $2,600 obtained by the new mortgage and including some taxes on the land. Plaintiff has been repaid $275 and no more. Defendant has refused to give him any mortgage on the land or any note.

■ An oral agreement made by one spouse, while both are living, to give a mortgage on the family homestead is not merely voidable but is void. A mortgage in writing, given by one spouse on a homestead, while both are living, is void, unless given for purchase money. G. S. 1923 (2 Mason, 1927) §§ 8336, 8339, and 8340.

■ Plaintiff however urges that he should be subrogated in equity to the liens and rights of the holders of the prior mortgages; that, as the homestead was charged with these liens at the time he advanced the money to pay a part of them, no homestead rights are taken away by now giving him a lien on the homestead for the amount he paid; that this amounts only to continuing the existing liens and does not create any new lien.

470

There is force in the argument, well presented by appellant's counsel, on that point. But we do not believe it is sufficiently applicable here to change the result. Equity follows the law, and a court of equity will not disregard statutory law or grant relief prohibited thereby. The homestead law was enacted for a beneficial public purpose. The legislature has in some respects strengthened it. The courts have consistently followed it.

We start out then with the proposition that the oral agreement by defendant to give plaintiff security on the homestead was wholly void. What we have left is that plaintiff, at the request of defendant, advanced a sum of money to her, which was agreed to be and was used to pay a portion of two mortgages on the homestead. The mortgages were satisfied. When so stripped of any promise to give security, it is difficult to find anything more in the transaction than a loan of money. Most of the cases cited are cases where the one claiming subrogation has actually received a mortgage or security on the property and has used or applied the proceeds thereof to discharge the prior liens; but by some mistake, inadvertence, or fraud some existing mortgage or lien was not known to him and his security was apparently junior thereto and was not the security he bargained for or expected to receive. The court held in Emmert v. Thompson, 49 Minn. 386, 52 N. W. 31, 32 A. S. R. 566, that where at the request of the property owner such a loan and mortgage were made for the express purpose of taking up prior liens, and the lender expected and believed in good faith that his security would be substituted in fact in place of the liens discharged, he should be subrogated. In Wentworth v. Tubbs, 53 Minn. 388, 55 N. W. 543, and Heisler v. C. Aultman & Co. 56 Minn. 454, 57 N. W. 1053, 45 A. S. R. 486, it was held that subrogation applies only where the payment operates as a purchase or equitable assignment, and not as an extinguishment of the lien paid, and such is the intention of the parties.

Plaintiff here was the one who negotiated for and procured the new first mortgage. There was no mistake about the situation, no inadvertence, and no allegation of any fraud. The new first mort-

gage might be large enough to absorb the entire value of the property. There could be no belief on plaintiff's part that he would be subrogated to the two mortgages discharged so as to come ahead of the new first mortgage procured by him. He could not have expected or intended that any mortgage or security he might receive should take the place of the mortgages discharged or rank ahead of the new first mortgage.

The case of Hughes v. Mullaney, 92 Minn. 485, 100 N. W. 217, is somewhat in point. The case has been distinguished in the later case of Renville State Bank v. Lentz, 171 Minn. 431, 214 N. W. 467, because the homestead law was amended after that decision. It may be further distinguished because in that case the oral agreement was joined in by husband and wife and its validity not questioned. The loan was to be and was used to pay part of the purchase price of the premises occupied as a homestead.

That a loan made to enable the borrower to purchase or pay for a homestead does not give the lender a right to a lien upon the homestead, even if there is an oral agreement to give security thereon, is now settled by Soukup v. Wenisch, 163 Minn. 365, 204 N. W. 35, and Renville State Bank v. Lentz, 171 Minn. 431, 214 N. W. 467. One who advances money to another to be used for paying all or part of the purchase price of a homestead should stand in fully as favorable a light in equity as one who advances money to pay a mortgage on the homestead. Yet under our homestead law neither of them acquires any lien on the homestead unless given by written mortgage or security executed by both husband and wife, if both are living.

In Butler Bros. Co. v. Levin, 166 Minn. 158, 207 N. W. 315, it was held that an oral promise by the wife to give security on the homestead would not be given effect as an estoppel because so to do would contravene the homestead statute.

We hold that the findings of fact made by the trial court do not require different conclusions of law and that the conclusions of law are sufficiently sustained thereby.

In leaving the case we may say that the plaintiff could well ask to recover a money judgment against defendant. No such relief

has been asked in the trial court except as part of the claimed equitable relief, and we need not consider it here.

Order affirmed.