## UNITED STATES v. LUCAS et al.
### Civil Action No. 537.

District Court, D. Minnesota,
Fifth Division.
June 20, 1946.

Victor E. Anderson, U. S. Atty., and Clifford F. Hansen, Asst. U. S. Atty., both of St. Paul, Minn., for plaintiff.

Lathers & Hoag, of Duluth, Minn. (Austin Lathers, of Duluth, Minn., trying the case), for defendant Anna S. Lucas.

DONOVAN, District Judge.

Plaintiff, by this proceeding, seeks to have the homestead of defendants charged with a lien.

By application and credit statement dated December 2, 1941, defendants jointly represented, in applying for a loan under the provisions of the National Housing Act, 12 U.S.C.A. § 1701 et seq., that the "property to be improved" was a house located in the City of Duluth, Minnesota, known and designated as "2306 Minn. Ave." Said application continues:

"We certify that the entire proceeds of this loan will be expended on the above property * * *.

"Warning: Misrepresentation of use of proceeds other than described above constitutes violation of Federal Law. * * *

"Title in name of L. W. Lucas * * *

"Property Clear * * *

"Are you applying for any other FHA improvement loans at this time? No.

"

> APPLICANT SHOULD READ CAREFULLY
> BEFORE SIGNING
>
> We authorize you, or any financial institution to which you may desire to offer our note for sale, to obtain such information as you (they) may require concerning the above statement and agree that it shall remain your (their) property whether or not our note is finally accepted by you. We certify no information has been concealed which is essential to a proper decision in this case; that no misrepresentations have been made in this credit statement and that if the loan is granted to us or our note purchased, the ENTIRE PROCEEDS WILL BE USED EXCLUSIVELY IN PAYMENT FOR ALTERATIONS, REPAIRS, OR IMPROVEMENTS UPON OR IN CONNECTION WITH AN EXISTING STRUCTURE OR THE ERECTION OF A NEW STRUCTURE. We hereby affirm that the foregoing information is true and correct.
>
> "Name  Anna S. Lucas  (L.S.)
>
> "Name  L. W.  Lucas  (L.S.)
> (Wife or Husband)  "

The promissory note referred to in the application was for the sum of $376.92, and required payment by monthly installments until paid, and in case of default in any payment the amount remaining unpaid would "be declared immediately due and payable, without notice". Said note was dated December 2, 1941, and signed by each defendant. Defendants having defaulted, the balance in the sum of $143.27 was demanded by plaintiff, who, in due course, had become the owner and holder of said note.

Defendant L. W. Lucas was not served with process, the United States Marshal having made a return of not found. Defendant Anna S. Lucas answered and admitted all of the allegations of the complaint except paragraph V, which reads as follows:

"That the aforesaid loan was applied for and made under the Federal Housing Act, by reason of which said defendants obtained funds for the improvement, renovation and modernization of the following described premises situate in the County of St. Louis, State of Minnesota, to wit: Lot 82-84, Lower Duluth, according to the recorded plat thereof, and also being known as 2302 Minnesota Ave., Duluth, Minnesota, and that a lien for the unpaid balance of said indebtedness upon said premises is hereby made and claimed."

Pleading a defense to the last quoted paragraph, the answering defendant said:

"With reference to the allegations of paragraph 5 of this complaint this defendant alleges that at all times prior to the time of making said loan and ever since, this defendant lived on the premises described in the complaint and still does live thereon and occupies the same as her homestead, and said loan never became a lien upon said property and was never lawfully charged thereon in writing."

The only issue presented by the pleadings and trial was whether or not the premises described could be charged with a lien for the balance of said note.

At the trial, Anna S. Lucas in effect testified that at the time she signed the application for the loan and note, her husband took exclusive charge of the money loaned, and she had nothing to do with the use thereof. She claims "he squandered the money" and she could not say that any substantial part of it went to improve the premises we are here concerned with. A divorce followed and she became sole owner of said premises. She has tried to repay the plaintiff to the best of her ability.

Defendant Anna S. Lucas has pictured her codefendant as a spendthrift profligate, who took the loan intended to be applied to improving the homestead, and spent the greater part of it for other purposes, which ultimately lead to the separation described, and the obtaining by Anna S. Lucas of full title to the premises in which she had previously had merely an inchoate interest.

Without her signature (she then having a dower interest in the premises), the loan would not have been made. The Court is satisfied that some part of the loan went to improve the homestead, and hence she is estopped from using the claim of homestead as a shield against the attaching lien. While it is true that defendant Anna S. Lucas has acted in good faith and has paid all but the small balance here in question, she having been one of the applicants for said loan and a cosigner of said note with her husband, equity will impress a lien upon the premises in favor of plaintiff.

Substance, rather than form, is the important factor in the case at bar. The money was advanced to defendants to improve said premises, and plaintiff should be protected to the extent of a lien thereon for the small balance of said note remaining unpaid.

Another reason in support of plaintiff's claim is Article I, Section 12, of the Minnesota Constitution, the proviso of which is self-executing. Opposing plaintiff's claim of a lien pursuant to said Article I, Section 12, of the State Constitution, counsel for defendant Anna S. Lucas cites the case of Renville State Bank v. Lentz et ux., 171 Minn. 431, 214 N.W. 467. The case cited is distinguished from the present case for the reason that here the money was loaned expressly for the "repair or improvement" of the homestead, and at least part of the loan was applied to that purpose. The principle of equity invoked by plaintiff in the case at bar remains unaffected by the statute relied on by defendant.

Counsel for plaintiff may submit Findings of Fact, Conclusions of Law and Order for Judgment.

An exception is allowed defendant Anna S. Lucas.