Carvell B. WRIGHT, et al., Appellants,

v.

Laura Lee WRIGHT, a.k.a. Laura Lee
Tracy, Respondent.

No. 50587.

Supreme Court of Minnesota.

Oct. 30, 1981.

Rehearing Denied Dec. 15, 1981.

John L. Prueter, Minneapolis, for appellants.

Roger A. Nurnberger, Minneapolis, for respondent.

SHERAN, Chief Justice.

The plaintiffs Carvell B. and Marlis A. Wright appeal from the judgment of the Hennepin County District Court dismissing their action to obtain the immediate repayment of a loan or the imposition of a lien upon homestead property purchased with the proceeds of the loan. We affirm.

On April 9, 1974, the plaintiffs loaned their son Carvell R. Wright and his wife Laura L. Wright, the defendant herein, $500 as earnest money to enable the couple to enter into a purchase agreement to obtain a homestead. On June 13, 1974, the plaintiffs borrowed $5,000, added $200 to that amount and delivered the additional

$5,200 to their son and daughter-in-law. The $5,700 loan was used by the defendant and the plaintiffs' son to purchase the homestead property on July 14, 1974.

On December 26, 1975, the defendant obtained a default marital dissolution from the plaintiffs' son. Pursuant to the judgment and decree, the defendant was awarded the homestead as a part of the property distribution. After the termination of their son's marriage, the plaintiffs attempted to obtain a written mortgage from the defendant to insure the repayment of the loan. The defendant refused to execute the mortgage and denied any obligation to repay any monies to the plaintiffs and this action resulted.

The matter was tried to the district court which dismissed the plaintiffs' claim for immediate repayment of the loan and denied their application for a lien against the property. In its findings of fact, the district court specifically found that the plaintiffs had in fact loaned the defendant and her former husband $5,700. It concluded that the circumstances of the transaction between the parties implied an agreement that the interest would be paid by the defendant and her former husband on the loan at an unspecified rate, but that there was no agreement or contemplation that a mortgage be placed against the property. In its reliance upon Minn.Stat. §§ 510.01 and 513.04 (1980), together with the decisions of *Renville State Bank v. Lentz*, 171 Minn. 431, 214 N.W. 467 (1927) and *Kingery v. Kingery*, 185 Minn. 467, 241 N.W. 583 (1932), the trial court held that no lien, either equitable or otherwise, may attach to homestead property without a written instrument evidencing the debtor's intent to grant such a lien. The plaintiffs' post-trial motions for amended findings were denied and this appeal followed.

The sole question presented is whether the trial court erred in refusing to declare the debt a lien against the property or in failing to impose a constructive trust for the benefit of the plaintiffs.

The plaintiffs contend that unless they are given an equitable lien or an enforceable judgment, their loan is imperiled. Furthermore, they claim that all the defendant need do to avoid liability is to sell the property without notice to the plaintiffs and to use the proceeds towards the purchase of a new or substitute homestead unavailable to creditors. They argue that their only protection is through the imposition of a constructive trust consistent with the equitable discussion contained in *Dietz v. Dietz*, 244 Minn. 330, 70 N.W.2d 281 (1955). In addition, they contend that the court erred in characterizing the subject property as homestead property when the record contains no evidence to establish that the property was in fact used as the homestead of the defendant.

■■■ As we have stated on several occasions, a constructive trust is a judicially created equitable remedy imposed to prevent unjust enrichment of a person holding property under a duty to convey it or use it for a specific purpose. *Koberg v. Jones*, 279 Minn. 406, 157 N.W.2d 47 (1968). See *Thompson v. Nesheim*, 280 Minn. 407, 159 N.W.2d 910 (1968); *Knox v. Knox*, 222 Minn. 477, 25 N.W.2d 225 (1946). More specifically, we have held that whenever the legal title to property is obtained through fraud, oppression, duress, undue influence, force, crime, or similar means, or by taking improper advantage of a confidential or fiduciary relationship, a constructive trust arises in favor of the person equitably entitled to the property. *Kramer v. Kramer*, 282 Minn. 58, 162 N.W.2d 708 (1968); *Slagle v. Slagle*, 187 Minn. 1, 244 N.W. 79 (1932).

■■■ It is our view that the plaintiffs have failed to establish entitlement to either an equitable lien or the imposition of a constructive trust. The district court was correct in determining that this was in fact a loan, due and payable at the time of the sale of the homestead. As the sale of the homestead had not yet occurred, the loan was not due and defendant was not in default. The imposition of a constructive trust under those circumstances would be

inappropriate. Finally, our decision in *Kingery v. Kingery, supra,* firmly establishes the principle that a loan made to enable a borrower to purchase or pay for a homestead does not give the lender a right to a lien upon the homestead even if there is an oral agreement to give security thereupon.

As a practical matter, plaintiffs' loan was made to both the defendant and her former husband, the plaintiffs' son. At the time of the latter parties' marital dissolution, plaintiffs' son did not contest the property division by which the defendant was awarded the homestead and in addition, he subsquently executed a quit claim deed, terminating all interest in the homestead. There is nothing in the record which would preclude the plaintiffs from obtaining a loan repayment from their son or which establishes that the debt is simply that of the defendant because she owns all right and title to the homestead.

Affirmed.

OTIS, Justice (dissenting).

The facts giving rise to these proceedings are undisputed. In 1974 the plaintiffs agreed to loan their son and daughter-in-law $5,700 for the purchase of a home in Bloomington on condition they be repaid from the proceeds when the property was sold. Subsequently the plaintiffs' son and the defendant were divorced and defendant was awarded the home which she no longer occupies as her homestead.

All that the plaintiffs seek is a judicial determination that they have an enforceable claim against the property when it is sold, fashioned in a manner which will protect their interests against innocent third parties without notice.

Although it may be that the judgment in itself constitutes notice to third persons, since the court has found that plaintiffs do in fact have a legal interest in the proceeds of any sale of the home, I submit they are entitled to some equitable protection of that interest. To that end I would hold that the agreement in 1974 constituted an equitable lien which would give plaintiffs nothing more than what defendant bargained for.

It would simply ensure that those who made the purchase of the home possible will ultimately receive what they have coming, free from the risk of losing their adjudicated rights.

PETERSON, Justice (dissenting).

I join in the dissent of Justice OTIS.

YETKA, Justice (dissenting).

I join in the dissent of Justice OTIS.