**Ray FERGUSON, Appellant,**

v.

**Frances SHEA, Respondent.**

No. C0–85–373.

Court of Appeals of Minnesota.

Oct. 1, 1985.

Faricy & Dunn, Raymond W. Faricy, Timothy W.J. Dunn, St. Paul, for appellant.

Erickson, Casey, Erickson & Charpentier, John H. Erickson, Brainerd, for respondent.

Heard, considered and decided by WOZNIAK, P.J., and PARKER and LESLIE, JJ.

## OPINION

LESLIE, Judge.

Ray Ferguson seeks a partition of real and personal property owned by Frances Shea, alleging that he is entitled to one-half of the property under a constructive trust theory. The trial court found Ferguson had no interest in the property and awarded Shea attorney fees and costs. We affirm the denial of the partition and reverse the award of attorney fees and costs.

## FACTS

In 1971, Shea purchased Wigwam Bay Resort by contract for deed. The contract recites Shea as the sole buyer, but Ferguson also signed the contract in the space typically reserved for the buyers and sellers. The parties both moved onto the property in 1972 and began to operate the resort. Ferguson received no compensation other than room and board for his work at the resort; however, his alcoholism often hurt the resort's business. The contract

for deed was thereafter paid off, and Shea received a warranty deed. Shea later secured loans in her name by a mortgage deed.

In January 1983, Ferguson brought the present action claiming a one-half interest in the property. The trial court found that Ferguson did not have an interest in the property and thus there could be no partition. Attorney's fees of $5,000 and costs were awarded to Shea by the trial court.

## ISSUES

1. Did the trial court err in concluding that Ferguson has no equitable interest in the resort and therefore is not entitled to partition?

2. Did the trial court abuse its discretion in awarding Shea attorney's fees and costs?

## ANALYSIS

### I.

In order to maintain an action for partition, plaintiff must show that he/she is seized of the requisite title to the property. *Bowe v. Cole*, 129 Minn. 276, 152 N.W. 534 (1915). Minn.Stat. § 558.01 (1982) requires that plaintiff have "an estate of inheritance or for life or for years" in the property. Ferguson argues that he has equitable title to the property by way of a constructive trust.

"[A] constructive trust is a judicially created equitable remedy imposed to prevent unjust enrichment of a person holding property under a duty to convey it or use it for a specific purpose." *Wright v. Wright*, 311 N.W.2d 484, 485 (Minn.1981). In order to find a constructive trust, a court must be "persuaded by clear and convincing evidence that the imposition of a constructive trust is justified to prevent unjust enrichment." *In re Estate of Eriksen*, 337 N.W.2d 671, 674 (Minn.1983). The findings of a trial court will not be set aside unless clearly erroneous. Minn.R. Civ.P. 52.01. Where the trial court's factual findings are reasonably supported by the

evidence, they are not clearly erroneous and must be affirmed. *Hilton v. Nelsen,* 283 N.W.2d 877, 881 (Minn.1979).

■ The trial court found that Shea's funds and credit were exclusively used to purchase the resort and that Ferguson made no contribution to the purchase. The court also found that the assistance Ferguson gave to Shea in the operation of the resort was negligible, and for much of the time Ferguson's conduct was detrimental to the success of the business. These findings are reasonably supported by the evidence and must be affirmed.

We find nothing in the record to suggest clear error by the trial court; therefore, its refusal to grant partition is sustained.

## II.

■ The trial court awarded Shea $5,000 in attorney's fees plus costs. Shea asserts she is also entitled to attorney's fees and costs for this appeal.

> Upon motion of a party, the court in its discretion may award to that party costs, disbursements, reasonable attorney fees and witness fees if the party or attorney against whom costs, disbursements, reasonable attorney and witness fees are charged acted in bad faith; asserted a claim or defense knowing it to be frivolous; asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass; or committed a fraud upon the court.

Minn.Stat. § 549.21 (1982). The award of attorney's fees can be reversed only upon a showing of an abuse of discretion by the trial court. *Lamb v. Jordan,* 363 N.W.2d 351, 353 (Minn.Ct.App.1985).

■ At trial Ferguson presented credible evidence in support of his position such as his signature on the contract for deed, his work at the resort for 12 years without compensation other than room and board, and Shea's offer to purchase for $9,000 Ferguson's interest in the resort. That the trier-of-fact chose not to believe Ferguson's version of the facts does not mean that Ferguson acted in bad faith, vexatiously, or for oppressive reasons in filing his claim.

We reverse the trial court's decision granting attorney's fees and costs to Shea, and do not award fees and costs for this appeal.

## III.

This court has considered all other issues raised by appellant and finds them to be not dispositive of the case.

## DECISION

The trial court was not clearly erroneous in refusing partition, but abused its discretion in awarding attorney's fees and costs.

Affirmed in part and reversed in part.